727 So.2d 372 (1999)
Rajiv CHANDRA, M.D., et al., Appellants/Cross-Appellees,
v.
James J. BRADSTREET, M.D., et al., Appellees/Cross-Appellants.
Nos. 97-2015, 97-2019.
District Court of Appeal of Florida, Fifth District.
March 5, 1999.
Bruce A. Katzen, Alan J. Kluger, and Stephen M. Gaffigan of Kluger, Peretz, Kaplan & Berlin, P.A., Miami, and James Dressler of Dressler & Dressler, P.A., Cocoa Beach, for Appellants/Cross-Appellees.
Michael R. Riemenschneider and Audra Miller, of O'Brien, Riemenschneider, Kancilia & Lemonidis, P.A., Melbourne, for Appellees/Cross-Appellants.

*373 ON MOTION FOR REHEARING, CLARIFICATION, OR REHEARING EN BANC

W. SHARP, J.
We deny appellants' motion for rehearing and rehearing en banc. However, we grant the motions for clarification for the purpose of correcting clerical errors. Accordingly, we withdraw our prior opinion and replace it with the following.
This is an appeal and cross appeal from a final judgment partially confirming and partially vacating an arbitration award. We reverse the final judgment and remand with directions to reinstate the final arbitration award in toto.
This arbitration proceeding arose from two lawsuits involving Alliance Health Care Group, a company providing medical services in Brevard County. Alliance is comprised of three professional associations: Brevard Physicians Group P.A., John M. Gayden, Jr. M.D., P.A. and Batchu Patel, M.D., P.A., and one corporation: Health Care Associates of Brevard, Inc.
In January 1994, Brevard Physicians Group, Rajiv Chandra, M.D. (who founded Brevard Physicians Group), Gayden, Patel and Medical Subspecialists filed an amended complaint against Health Care Associates. Other defendants included health care providers who are or are believed to be shareholders of Health Care Associates.[1]
The plaintiffs alleged that disputes have arisen between the parties, with each side claiming that the other owes it large sums of money. According to the plaintiffs, the defendants held a meeting of Alliance on December 29, 1993, without notice to the plaintiffs and without a quorum. At this meeting, the defendants fired Chandra from participating in Alliance, evicted Chandra, Brevard Physicians Group and Medical Subspecialists from their offices, removed Brevard Physicians Group's computer, files and other information, denied plaintiffs access to patient records and accounts, closed Alliance's bank accounts, and reopened accounts in their own names.
The plaintiffs requested that the disputes between the parties be resolved through arbitration, that the acts taken on December 29 be declared invalid, and that the parties be returned to the status quo ante. Alliance's affairs are governed by an "Operating Agreement," which provides that all disputes between members and/or Alliance shall be submitted to binding arbitration.
In February 1994, the defendants filed a motion to consolidate this case with Health Care Associates of Brevard, Inc. v. Alliance Health Care Group et al. In that case, Health Care Associates filed a complaint against the plaintiffs and two companies owned by Chandra and his wife. Health Care Associates alleged that Chandra had embezzled money from Health Care Associates and directed the money to his companies, his wife and himself, thus committing civil theft. Health Care Associates also alleged that Patel and Gayden had misappropriated funds from Alliance for payment of personal and unauthorized expenses. Among other relief, Health Care Associates sought to have Alliance dissolved.
The defendants moved to consolidate these two cases because the parties were the same and their actions arose from operation of Alliance. Their motion to consolidate was granted. The complaints from both cases were submitted as the arbitration claims.
Arbitration began in 1995 and numerous hearings were held. An interim award was made on September 29, 1995. The proceedings continued and the final arbitration award was made on January 27, 1997. Alliance's business was terminated and Health Care Associates was to wind up Alliance's affairs, including receipt and final distribution of its assets. Among other things, the arbitrator found that Chandra and his companies (including Medical Subspecialists and Brevard Physicians Group) participated as an enterprise in the theft of funds from Alliance, that Chandra and his companies were liable for treble damages, and that Chandra, *374 Health Care Associates, Patel and Gayden were required to contribute various sums to Alliance's account. The arbitrator also found that Gayden and Patel had benefitted from a theft of $25,000 and were estopped from receiving the first $75,000 of any distribution of funds from Alliance.
Health Care Associates moved to confirm the arbitration award. The plaintiffs moved to vacate, modify or correct the award. The trial court found that Brevard Physicians Group was not named as a party to the theft counts before the arbitrator, and did not have an opportunity to defend those claims. Thus the portion of the arbitrator's final award finding Brevard Physicians Group liable for theft and estopping it from distribution of Alliance funds was vacated. The trial court also found that the portion of the award estopping Gayden and Patel from receiving the first $75,000 in distributions from Alliance was contrary to the Operating Agreement and vacated that portion of the award. The remaining portions of the final award were affirmed.
On appeal, plaintiffs (collectively designated as Brevard Physicians Group) argue that the trial court was correct in vacating portions of the arbitration award. However, Brevard Physicians Group argues that the trial court should have vacated additional portions of the award. On cross-appeal, the defendants (collectively designated as Health Care Associates) argue that the trial court erred in vacating any of the award and the award should be reinstated in its entirety.
Initially, we note that our review of arbitration awards is extremely limitedthe courts must avoid a "judicialization" of the arbitration process. Arbitration is an alternative to the court system and limited review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative. Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA), rev. denied, 570 So.2d 1303 (Fla.1990); District School Board of St. Johns County v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988).
We also note that a high degree of conclusiveness attaches to the arbitration award. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989); Applewhite v. Sheen Financial Resources, Inc. 608 So.2d 80 (Fla. 4th DCA 1992); Complete Interiors; District School Board of St. Johns County. Such conclusiveness is required because the parties have, by agreement, substituted a tribunal of their own choosing for the forum provided by law. To permit a dissatisfied party to set aside an arbitration award and invoke the judgment of the court on the merits would destroy the purpose of arbitration. Schnurmacher Holding; Applewhite; District School Board of St. Johns County.
A trial court may vacate an arbitration award only upon the grounds stated in section 682.13:
682.13 Vacating an award.
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.
*375 Section 682.14 provides for modification or correction of an arbitration award:
682.14 Modification or correction of award.
(1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him or her and the award may be corrected without affecting the merits of the decision upon the issues submitted.
(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.
The "Operating Agreement" in the present case required that all disputes between Alliance and/or its members be submitted to binding arbitration. Under the agreement, the arbitrator is required to investigate the facts and hold hearings. At these hearings, the parties may present evidence and arguments, be represented by counsel, and conduct cross-examination. The arbitrator then is required to render a written decision upon the matters presented to him and that decision is to be final and binding on the parties.
Brevard Physicians Group's primary argument on appeal is that Alliance never made any affirmative claims for relief. Therefore, Brevard Physicians Group argues that the arbitrator made an award upon a matter not submitted to him or that he exceeded his powers in making this award. An arbitrator exceeds his or her power under section 682.13(1)(c) when he or she goes beyond the authority granted by the parties or the operative documents, and decides an issue not pertinent to the resolution of the issues submitted to arbitration. Schnurmacher Holding, Inc.; Applewhite; Complete Interiors, Inc.
The complaint filed by Brevard Physicians Groups did not name Alliance as a plaintiff or defendant. However, the complaint did allege that disputes had arisen among and between the members of Alliance and requested that those disputes be resolved by arbitration. The complaint filed by Health Care Associates named Alliance as a respondent and also requested arbitration with Alliance as well as with its members. These complaints were submitted as the arbitration claims.
In reality, Alliance is not obtaining any relief in these proceedings. Rather, the arbitration award required reimbursement of funds to Alliance, which had been improperly withdrawn, and the distribution of its assets to some of its members as part of the dissolution process. The relationship between the parties, whether any wrongdoing or any civil theft had occurred, whether Alliance should be dissolved, and the disposition of its assets and liabilities were all issues submitted to the arbitrator for resolution. See Schurmacher Holding, Inc. Thus, we find no merit to these issues raised on appeal.
On cross appeal, Health Care Associates argues that the trial court erred in vacating those portions of the award which found Brevard Physicians Group liable for civil theft and estopped Brevard Physicians Group, Chandra and the other guilty parties from receiving distributions of funds. The trial court based its ruling on a finding that Brevard Physicians Group did not receive notice and lacked an opportunity to defend the claims.
Brevard Physicians Group, however, was named in both cases. In its complaint, Health Care Associates alleged that Chandra and others had fraudulently obtained monies from Alliance. Thus, one of the issues submitted on behalf of Health Care Associates included whether Chandra and others had fraudulently obtained monies from Alliance.
At the arbitration proceedings, Chandra testified that he incorporated Brevard Physicians Group and was initially the sole shareholder. At different times, other physicians joined in as shareholders but Chandra always had control of Brevard Physicians Group. Since the issue of distribution of funds through Brevard Physicians Group was raised in Health Care Associates' complaint and the shareholders of Brevard Physicians Group proceeded through arbitration, Brevard Physicians Group was on notice and had sufficient opportunity to defend itself. Chandra *376 could not remove any money from Alliance individually since he was not a member of Alliance. The only way he could have acted and misappropriated funds was through Brevard Physicians Group.
The arbitrator also found that Gayden and Patel had each benefitted from a civil theft[2] of $25,000. He trebled that amount to $75,000, and directed that they not be entitled to any distribution of funds from Alliance to the extent of the first $75,000 collected. The arbitrator further found that Brevard Physicians Group, Chandra and his other companies were estopped from receiving distributions of any funds obtained or recovered by Alliance. The trial court vacated these provisions of the arbitration award on the basis that they conflicted with the Operating Agreement. The agreement provides that upon dissolution, company assets will be distributed to the members in proportion to their respective capital account balance.
The estoppel provisions of the final arbitration award affects those funds deemed by the arbitrator to have been misappropriated. The civil theft issues were within the scope of submission to the arbitrator, and thus we conclude that the remedies of treble damages and estoppel are valid. See Schnurmacher Holding, Inc. Otherwise, Chandra and the others could be found guilty of theft but no penalty would be imposed because the Operating Agreement did not cover this contingency. Since the civil theft issue was submitted to the arbitrator, the trial court should not have vacated these portions of the award. See City of Miami Beach v. Turchin/CRS, 641 So.2d 471 (Fla. 3d DCA 1994) (trial court erred in vacating prejudgment interest award; prejudgment interest issue deemed within scope of the arbitrators' authority where parties submitted issue of damages to arbitration panel).
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] These defendants are James Bradstreet, M.D., Morgan Bunch, III, M.D., Lori Nelson, D.D.S., and Peter Taraschi, D.O.
[2] §§ 772.101-772.19, Fla. Stat.