W. SHARP, J.
Alan Baird, a lessee of a lot in a mobile home/reereational vehicle park, appeals from the circuit court’s order which failed to confirm an arbitration award. The award attempted to resolve fee and charge disputes between lessees and the owner of the park. The court concluded that the arbitrators made “erroneous legal conclusions,” and it vacated the award. However, the court failed to specify what those legal errors were. For the reasons set forth below, we remand this cause to the court for specific findings. See, e.g., Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995).
*286 This case grows out of disputes concerning charges assessed against the lessees of lots by the 'successive owners[1] of Camp City (hereinafter called the “Park”), a eampground/mobile-home, recreational vehicle park. Originally the Park began as a campground with few- amenities. ■ Since 1970, the Park has evolved into a full service RV resort with permanent dwellings installed on the lots, which require building permits. The lot owners have been ■ charged continuálly rising maintenance and service costs and fees.
In 1983, an amended final judgment involving the lessees in this case was rendered in a class action suit.[2] - It addressed the obligations of the lessees to pay monthly water and sewer charges based on each “occupied” day, but did not define the term “occupied.” It also set out how charges would be periodically adjusted.
Utility and maintenance fees were litigated again in 1992 in Camp City of Orlando, Inc. v. Walter F. Kazuk and Margaret L. Kazuk, Case No. 92-1208 and Camp City of Orlando, Inc. v. Everett A. Prouty and Minnie .Prouty, Case No. 92-1243, in the circuit court of Osceola County. A final judgment was rendered in 1994 in favor of Camp City. The court found that utility fees should be based on an “occupied” day, which the court defined as including a structure that requires a government permit on a lot, without regard to whether the lessees are actually physically present. The judgment also provided that the lessees should pay a reasonable and adequate maintenance fee to be set by Camp City. The case was appealed to and affirihed by this court.[3]
In 1995 Camp City brought this lawsuit against the lessees for failure to pay the “correct” sums for water, sewer and maintenance fees. On March 2, 1998, the trial court granted a referral to arbitration, based on the parties’ joint stipulation. The order stated that except as to issues of law, “which either party may appeal for judicial review, the parties shall be bound by the decisions of the arbitrator selected by the parties.”
The case went through the arbitration process and the arbitrators issued both a liability and damage award. The arbitrators found the parties’ contracts had been expressly and tacitly abrogated due to the change in use from a campground to park, with permanent residences. They set out a formula for calculating future utility and maintenance fees. They also construed the term “occupied” to mean the periods of time when a tenant was physically present on the premises. The award dated August 13, 1998, was six pages long and it reserved jurisdiction for further evidence concerning damages.
Baird argues that pursuant to section 682.12, Florida Statutes, the trial court lacks authority not to enforce the arbitration award, which provides:
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award....
Section 682.13 requires a court to vacate an arbitration award under specified circumstances not applicable to this case. Section 682.14 permits modification or correction of the award under other specified circumstances, also not applicable to this case.
When the award was presented, the circuit court vacated it and refused to enforce it on the ground that the arbitrators made legal errors in their interpretation of the documents, evidence and testimony pre *287 sented to them. The order makes no findings and points to no specific errors. It is thus incapable of appellate review. See Cole.
Arbitration awards should not be lightly overturned. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). Review of arbitration awards by courts is extremely limited. Chandra v. Bradstreet, 727 So.2d 372 (Fla. 5th DCA 1999). Normally errors of law are not grounds for overturning an arbitration award.[4] Camp City suggests the court’s order is sustainable because the arbitrators made errors of law, and because this is not a strict arbitration case under chapter 682, since the parties stipulated that errors of law would be reviewable by the court in making their submission of the cause to arbitration.
Paragraph four of the Joint Motion to Arbitration provides:
Except as to issues of law, which each party reserves the right to appeal for judicial review, each party hereby stipulates and agrees to be bound by the decisions of the arbitrator selected by the parties.
The order granting the referral recites, in paragraph 3,
Except as to issues of law, which either party may appeal for judicial review, the parties shall be bound by the decisions of the arbitrator selected by the parties.
Paragraph 4 specifically provides:
Except as provided for herein, the arbitration shall be conducted in accordance with the Administrative Code, Chapter 682, Florida Statutes. .
The language of the stipulation and referral appear to carve out from the normal arbitration process legal issues which are to be reviewed by and ultimately determined by the courts. Thus to that extent, chapter 682.15 does not control here. Review of legal issues by the court below was authorized, and that review encompasses appellate review by this court. Accordingly we remand this cause to the trial court, to make special findings with regard to the legal errors which it determined make this arbitration award unenforceable.
REVERSED and REMANDED.
THOMPSON, C.J., and GRIFFIN, J., concur.

. Camp City, InC. purchased the park in 1991, and Consolidated- Camp City, LLC purchased it in 1998.

. William B. Hall, et al. v. Marice Wilder, et al., Case No. 81-960, Osceola County.

.Kazuk v. Camp City of Orlando, Inc., 654 So.2d 143 (Fla. 5th DCA 1995).

. See, e.g., Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989) (arbitrator's erroneous interpretation of statute not grounds); Service Station Aid, Inc. v. Turnber-ry Assoc., 629 So.2d 204 (Fla. 3d DCA 1993), approved, 651 So.2d 1173 (Fla.1995); McDonald v. Hardee County School Board, 448 So.2d 593 (Fla. 2d DCA 1984).