PALMER, J.
Walter Smith appeals the trial court’s order confirming an arbitration award. Finding no error in the trial court’s decision, we affirm.
Judicial review of arbitration awards is extremely limited. Chandra v. Bradstreet, 727 So.2d 372 (Fla. 5th DCA 1999), rev. denied, 741 So.2d 1134 (Fla.1999). Section 682.13 of the Florida Statute (1999) sets forth the statutory grounds which must be present before an arbitration award can be vacated:
682.13. Vacating an award
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her. or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
*365 § 682.13, Fla. Stat. (1999). In the absence of one of the five statutory grounds neither the trial court nor the appellate court possesses the authority to overturn an award. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989).
In this case, Smith argues that reversal is warranted because the arbitrator erred in ruling that his claims were precluded by an earlier arbitration. In an attempt to fit within one of the statutory grounds, Smith argues that this error demonstrates that the arbitrator exceeded his power. We disagree.
The supreme court explained the concept of an arbitrator exceeding his authority in the Schnurmacher decision as follows:
An arbitrator exceeds his or her power under subsection (c) when he or she goes beyond the authority granted by the parties or the operative documents, and decides an issue not pertinent to the resolution of the issues submitted to arbitration.
542 So.2d at 1329. The court further noted:
To allow judicial review of the merits of an arbitration award for any reason other than those stated in § 682.13(1) would undermine the purpose of settling disputes through arbitration. We find it incumbent to adhere to the long standing principle of, finality of arbitration awards in order to preserve the integrity of the arbitration process as a means of alternative dispute resolution.

Id.

The instant record reflects that both parties presented evidence to the arbitrator concerning the effect of the parties’ first arbitration award on the current proceedings. Under these circumstances,
Smith cannot credibly argue that the arbitrator’s decision on that issue exceeded his authority. Thus, even if we were to conclude that the arbitrator erred in determining that the first arbitration precluded an award in the second arbitration, such error would not constitute a legal ground for vacating the award.[1] If we were to hold otherwise, we would significantly undermine the purpose and finality of arbitration awards.
We have considered Smith’s other arguments and find them to be without merit.
AFFIRMED.
PLEUS J. and COBB, W., Senior Judge, concur.

. The record is somewhat incomplete in this regard, since the transcript of the initial arbitration proceeding was not made a part of the record in the second arbitration proceeding.