636 So.2d 579 (1994)
Abraham FLEMENBAUM, Appellant,
v.
Lily FLEMENBAUM, Appellee.
No. 92-0684.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Ann B. Bradshaw of Law Offices of Ann B. Bradshaw, Hollywood, for appellant.
Frederick C. Sake of Law Offices of Frederick C. Sake, Miami Beach, for appellee.
GROSS, ROBERT M., Associate Judge.
The parties to this appeal were married for over twenty-four years. After a four day trial, the marriage was terminated by a final judgment of dissolution entered on October *580 12, 1989. The husband moved for rehearing. That motion was denied. The husband appealed. On October 11, 1990, while the appeal was still pending, the husband, a psychiatrist, filed a "pro se motion for new trial based upon fraud upon the court Rule 1.540." This court affirmed the original final judgment in May, 1991.
Almost two years after the entry of the final judgment, on August 1, 1991, the husband filed a "pro se motion for partial relief from final judgment" renewing the October, 1990, motion, which had never been heard.[1] At the same time, the husband filed a "pro se supplemental petition for modification" seeking to reduce child support and alimony. On December 9 and 10, 1991, there was a lengthy hearing concerning the modification issues. While there was overlapping between the matters raised in the petition for modification and in the rule 1.540 motion, the trial court did not afford the husband an evidentiary hearing on all of the allegations of the wife's fraud contained in the motion.
Because the husband's motion was facially deficient, he was not entitled to an evidentiary hearing on all matters mentioned in it. Under Florida Rule of Civil Procedure 1.540(b)(3), a court may relieve a party from a final judgment for fraud. Florida Rule of Civil Procedure 1.120(b) requires that the circumstances constituting fraud "be stated with such particularity as the circumstances may permit." This means that a rule 1.540(b)(3) motion must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions. See Cady v. Chevy Chase Sav. and Loan, Inc., 528 So.2d 136, 138 (Fla. 4th DCA 1988); Reina v. Gingerale Corp., 472 So.2d 530, 531-32 (Fla. 3d DCA 1985). To entitle a movant to an evidentiary hearing, a rule 1.540(b)(3) motion must specify the fraud. Shienvold v. Habie, 627 So.2d 1203, 1205 (Fla. 4th DCA 1993). Cf. Southern Bell Tel. and Tel. Co. v. Welden, 483 So.2d 487 (Fla. 1st DCA 1986). In addition to specifying the fraud, the motion should explain why the fraud, if it exists, would entitle the movant to have the judgment set aside.
Frequently, rule 1.540(b)(3) fraud motions are attempts to rehash a matter fully explored at trial. In many cases, the term "fraud" is loosely used to label all conduct which has displeased an opposing party. Requiring rule 1.540(b)(3) fraud to be stated with particularity allows a trial court to determine whether the movant has made a prima facie showing which would justify relief from judgment. See Ocala Loan Co. v. Smith, 155 So.2d 711, 716 (Fla. 1st DCA 1963). Where fraud exists, it is not so subtle a concept that it cannot be described with precision. If a motion on its face does not set forth a basis for relief, then an evidentiary hearing is unnecessary. The time and expense of needless litigation are avoided and the policy of preserving the finality of judgments is enhanced.
Prior decisions of this court contain examples of properly pled rule 1.540(b) motions. In Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982), the wife's motion asserted that the husband had testified at trial that a statue was worth $100, while being fully aware that its true value was $35,000. If proven, this allegation would have changed the court's equitable distribution of assets. In Wiley v. Wiley, 546 So.2d 1149 (Fla. 4th DCA 1989), the husband's motion specified receipts showing that he was entitled to a $2,410.00 credit against child support arrearages. The husband's motion in Ross v. Bandi, 566 So.2d 55, 57 (Fla. 4th DCA 1990), alleged that after the final hearing he learned of an IRS tax lien which rendered his interest in a corporation completely valueless.
The husband's pro se motion in this case attempted, as the trial judge noted, to relitigate issues that had been covered at the trial. It raised de minimis matters which had no effect on the final judgment. The wife's cohabitation with another was adequately *581 explored at the hearing on the petition for modification.
As to the remaining issues raised by the husband, we find no reversible error. The orders of the trial court are affirmed.
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] The pendency of the appeal divested the trial court of jurisdiction to hear the rule 1.540 motion. Calehuff v. Calehuff, 433 So.2d 1021 (Fla. 4th DCA 1983). The appeal did not toll the time for filing the rule 1.540(b) motion. Legler v. Kwitney, Kroop & Scheinberg, P.A., 520 So.2d 95 (Fla. 4th DCA 1988); Seven-Up Bottling Co. of Miami v. George Constr. Corp., 153 So.2d 11 (Fla. 3d DCA 1963).