727 So.2d 1017 (1999)
Beth CHARBONNEAU, Appellant,
v.
MORSE OPERATIONS, INC., d/b/a Ed Morse Cadillac, Appellee.
No. 98-0758.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Rehearing Denied April 1, 1999.
*1018 Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellant.
Mark Atlas and Les Stracher of Stracher & Harmon, P.A., Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Beth Charbonneau, appeals from an Order denying her Motion to Modify/Correct Award and Motion for Confirmation of Award and from the granting of appellee's Motion for Confirmation of Award of the Arbitrator as Entered with Final Judgment. Because the arbitrator exceeded his authority in denying appellant's claim for attorney's fees, we reverse and remand with directions in accordance with this opinion.
In October 1994, appellant visited the appellee's dealership to look for a used Cadillac. Appellee's salesman recommended a 1991 Cadillac Seville which he allegedly represented was in excellent condition and had never been in an accident. Based on such representations, appellant entered into a purchase agreement for the purchase of the used Cadillac. Approximately one year later, appellant learned that the Cadillac had been in a prior accident. According to appellant, when appellee was apprised of the vehicle's condition, they would not agree to rescind their agreement.
Appellant filed a two-count complaint against appellee alleging in count I, fraud and deceit, and in count II, Deceptive and Unfair Trade Practices. Appellee moved to stay the action and compel arbitration in accordance with the terms and conditions of the Purchase Agreement. As a result of said provision, the trial court stayed the action and compelled the arbitration of this dispute.
*1019 Appellant's arbitration claim alleged three counts: fraud and deceit (count I); Deceptive and Unfair Trade Practices (count II); and violation of the Motor Vehicles Sales Finance Act (count III). Count II sought damages and attorney's fees under section 501.2105, Florida Statutes and Count III sought statutory damages and attorney's fees under section 520.12, Florida Statutes.
Appellee initially filed a Motion to Strike Claimant's Claim for Attorney's Fees claiming that appellant was barred from seeking statutory attorney's fees under section 501.2105, since her recovery, if any, would be achieved through arbitration rather than after judgment in a trial court following litigation as contemplated by the language in statute. Prior to appellee filing his amended motion, appellant's counsel, in a letter to the arbitrator dated September 8, 1997, responded to the attorney's fee issue and stated the following:
... My file note adequately addresses the issue and a reading of those two cases clearly indicates that attorney's fees are available and awardable as a result of arbitration, the only question remaining is whether the arbitrator or a circuit court judge actually awards the fees. The case law seems to indicate that the arbitrator in his arbitration award should indicate that plaintiff is entitled to attorney's fees but leave the decision as to the amount of attorney's [fees] to a circuit court judgment upon confirmation of the entire arbitration award.... Of course the arbitrator can decide the issue if both parties agree. In that regard, the plaintiff has no objection to that arrangement.
In its Amended Motion to Strike Claimant's Claim for Attorney's Fees, appellee claimed that attorney's fees associated with arbitration proceedings were recoverable only by statute or by specific agreement. Appellee argued that since the parties did not specifically agree either orally or by written stipulation to an attorney's fee provision in the purchase agreement, appellant would only be entitled to recover attorney's fees pursuant to statute and that such recovery was barred by statute.
On October 15, 1997, the Arbitrator entered an award of compensatory damages in favor of appellant in the amount of $9,500, denied appellee's Amended Motion to Strike Claimant's Claim for Attorney's Fees, and denied appellant's demand for attorney's fees. The Arbitrator further held that appellee shall be responsible for administrative fees of the American Arbitration Association previously advanced by appellant in the amount of $2,213.75.
Appellant filed a Motion to Modify/Correct Award and Motion for Confirmation of Award arguing that the Arbitrator was without authority to deny her claim for attorney's fees available pursuant to statutes 501.2105 and 520.12. In response, appellee claimed that during the hearing on its Motion to Strike Claimant's Claim for Attorney's Fees, appellant did not reserve her right to seek the trial court's determination as to entitlement of attorney's fees. Specifically, appellee argued that the parties submitted the issue of entitlement of attorney's fees to the Arbitrator by virtue of the evidence submitted before the Arbitrator at the hearing on the motion to strike and appellant's counsel correspondence to the Arbitrator.
The trial court subsequently denied appellant's Motion to Modify/Correct Award and Motion for Confirmation of Award dated October 29, 1997. Instead, the trial court granted appellee's Motion for Confirmation of the Award of the Arbitrator as entered.
In Florida, "[t]he standard of judicial review applicable to challenges of an arbitration award is very limited, with a high degree of conclusiveness attaching to an arbitration award." See Applewhite v. Sheen Fin. Resources, Inc., 608 So.2d 80, 83 (Fla. 4th DCA 1992). Under this limited review, the courts must avoid a "judicialization" of the arbitration process. Arbitration is an alternative to the court system and limited review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative. See Chandra, M.D. v. Bradstreet, 727 So.2d 372 (Fla. 5th DCA 1999). In order to preserve the integrity of the arbitration process, "courts will not review the finding of facts contained in an award, *1020 and will never undertake to substitute their judgment for that of the arbitrators." See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989).
An arbitration award may not be set aside for mere errors of judgment either as to the law or as to the facts. See id. If the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment. See Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994, 995 (Fla. 3d DCA 1998). An arbitrator exceeds his or her power by going beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration. See Applewhite, 608 So.2d at 83.
In finding that the arbitrator in this case exceeded his authority by denying appellant's claim for attorney's fees, we note that it is well settled that an arbitrator has no authority to award attorney's fees absent an express waiver of the limitation contained in section 682.11, Florida Statutes. See D.H. Blair & Co. v. Johnson, 697 So.2d 912, 913 (Fla. 4th DCA 1997), review dismissed as improvidently granted, No. 91,539, 728 So.2d 202 (Fla. Nov. 16, 1998). "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." See § 682.11, Fla. Stat. (1997).
In Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995), the Florida Supreme Court held that "the parties by agreement may waive their entitlement to have the circuit court decide the issue of attorney's fees and by doing so may confer subject matter jurisdiction upon an arbitrator to award attorney's fees." Absent a clear directive from the legislature, there is no reason why parties may not voluntarily agree to allow the collateral issue of attorney's fees to be decided in the same forum as the main dispute. See id.
The Turnberry court went on to hold that:
Notwithstanding our ruling today, we will continue to permit trial courts, in the event a dispute arises, to enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue. Under section 682.11, as previously construed by this Court, the parties continue to have the right to have the issue of attorney's fees decided in court if they wish. The arbitrator has no authority to award fees absent an express waiver of his statutory right.
651 So.2d at 1175.
In GCA, Inc. v. 90 S.W. 8th St. Enterprises, Inc., 696 So.2d 1230, 1232 (Fla. 3d DCA 1997), the Third District, in following Turnberry, held that in order for an express waiver to be found, there must either be a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney's fees issue to the arbitrator.
In D.H. Blair, an NASD (National Association of Securities Dealers) arbitrator ruled in favor of appellees and awarded them attorney's fees to be determined by a court of competent jurisdiction. Appellees filed an action to confirm the arbitration award and set the amount of attorney's fees. Appellant moved to vacate the arbitration award claiming that the arbitrator exceeded his power in determining entitlement to fees. The trial court affirmed the arbitration award and awarded appellees' attorney's fees.
On appeal, this court held that the arbitrator did not have the authority to award fees. This court rejected appellees' argument that the parties agreed to submit the issue of attorney's fees to the arbitrators by their actions. 697 So.2d at 914. Appellees claimed that both parties sought attorney's fees in their claims and by the execution of an NASD agreement in which they agreed that all controversies or disputes of any kind shall be settled by arbitration. See id. Based on Turnberry, the court held that the parties' actions did not constitute an express waiver of their right to have the court decide the issue of fees. See id.; see also Solomon v. Sirkus, 682 So.2d 676 (Fla. 4th DCA 1996)(in the absence of a stipulation to confer jurisdiction upon the arbitrator to decide the attorney's fee issue, the arbitrator exceeded *1021 his scope of authority under section 682.11, Florida Statutes).
Like appellees in D.H. Blair, appellee in this case argues that appellant, by her actions, agreed to submit the issue of entitlement to fees to the arbitrator. Here, appellant moved for attorney's fees in her arbitration claim pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.2105(1)[1] and the Motor Vehicle Sales Finance Act, section 520.12(2)[2], claiming that under a prevailing party statute, she was entitled to an award of fees.
In opposing her claim for fees, appellee takes contradictory positions. Appellee acknowledges that appellant opposed its motion to strike, yet nevertheless maintains that appellant's counsel's September 8, 1997 correspondence to the arbitrator on appellee's motion to strike was evidence that she agreed to submit the issue of entitlement to the arbitrator. Then, in its Amended Motion to Strike Claimant's Claim for Attorney's Fees, appellee argued that attorney's fees associated with arbitration proceedings were recoverable only by statute or by specific agreement. Appellee claimed that there was no written stipulation for attorney's fees and that recovery was barred by statute.
At the hearing before the trial court on her motion to correct or modify the arbitration award, appellant argued that there was no stipulation to allow the issue of entitlement to go the arbitrator, and that appellee, in its trial brief filed after the arbitration, admitted that there was no stipulation. Relying upon section 682.11 and Turnberry, appellant argued that entitlement to attorney's fees must be determined by the trial court and not by the arbitrator unless there is a specific stipulation to the contrary. The trial court disagreed and denied her motion to modify or correct the arbitration award. It is undisputed that the trial court made no specific factual finding based on substantial, competent evidence that the parties agreed to submit the attorney's fee issue to the arbitrator.
Based on the foregoing, we conclude that appellant's actions did not constitute an express waiver by either express stipulation or by a specific finding based on substantial competent evidence that the parties agreed to submit the attorney's fee issue to the arbitrator. See D.H. Blair, 697 So.2d at 913; GCA, Inc., 696 So.2d at 1232. In accordance with D.H. Blair and Turnberry, there was no express waiver. Thus, the trial court's confirmation of the arbitrators's denial of fees was in error as the arbitrator exceeded his authority to decide the issue of fees.
We accordingly reverse and vacate the trial court's confirmation of the arbitrator's denial of fees and direct the trial court to conduct further proceedings to determine appellant's entitlement to attorney's fees.
REVERSED AND REMANDED.
GUNTHER, and TAYLOR, JJ., concur.
NOTES
[1] Section 501.2105(1), Florida Statutes (1997) provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part, ..., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."
[2] Section 520.12, Florida Statutes (1997) provides that "[i]n the case of a willful violation of this part with respect to any retail installment sale, the buyer may recover from the person committing such violation, or may set off or counterclaim in any action against the buyer by such person, an amount equal to any finance charge and any fees charged to the buyer by reason of delinquency, plus attorney's fees and costs incurred by the buyer to assert rights under this part."