927 So.2d 41 (2006)
Flora DE LAS CUEVAS, Appellant,
v.
NATIONAL ENTERPRISES INCORPORATED, a/k/a National Enterprises, Inc., Appellee.
No. 3D04-1909.
District Court of Appeal of Florida, Third District.
March 29, 2006.
*42 Duarte, Ariz & Piedra and Jorge L. Piedra and Veronica A. Diaz, Coral Gables, for appellant.
*43 Liebler, Gonzalez & Portuondo, Miami, and J. Randolph Liebler, for appellee.
Before COPE, C.J., and LEVY and SUAREZ, JJ.
SUAREZ, J.
Flora De Las Cuevas appeals from a final judgment in favor of National Enterprises, Inc. ("NEI"). We affirm the Final Judgment.
In July, 1986, Flora De Las Cuevas and her husband, Mario De Las Cuevas, executed and delivered a promissory note ("Note I") in the amount of $1.25 million payable to General Federal Savings & Loan Association of Miami ("Federal"). The note was secured by a leasehold mortgage signed only by Mario De Las Cuevas on land owned by Mario De Las Cuevas ("leasehold interest"). In June, 1988, Mario De Las Cuevas entered into a Mortgage Modification and Extension Agreement ("Modification Agreement") with Federal's successor, General Bank ("General"). The Modification Agreement restructured the terms of the loan and General loaned an additional $150,000.00 to Mario De Las Cuevas. Mario De Las Cuevas executed another promissory note payable to General ("Note II"). Only Mario De Las Cuevas executed the Modification Agreement and Note II. Flora De Las Cuevas did not execute either document. In 1989, the loan went into default. By 1989, the Resolution Trust Corporation (RTC) had taken over Federal and instituted foreclosure procedures on the leasehold interest property naming as defendants both Mario De Las Cuevas and Flora De Las Cuevas. The RTC three-count complaint sought the appointment of a receiver and an assignment of rents. Count III requested a judgment against Mario De Las Cuevas and Flora De Las Cuevas for the principal sum due on Note I. The RTC moved for summary judgment. Partial summary judgment was entered in favor of the RTC and the trial court ordered the leasehold property sold to satisfy the mortgage debt. The trial court denied summary judgment without prejudice as to count III and retained jurisdiction. The RTC was the high bidder at the foreclosure sale and the clerk issued title to the RTC. The RTC did not pursue any further claims and a final order of dismissal for lack of prosecution was entered in October, 1993. The RTC then sold the leasehold interest and the unsecured debt to National Enterprises Incorporated ("NEI"). In 1995, NEI brought the present action against Flora De Las Cuevas seeking payment of the remaining balance of $1,189,573.91 due under Note I. In her answer, Flora De Las Cuevas included the defense that Note I was amended and restructured, that she had not agreed to the amendment and restructuring and that the new debt acted as a novation thereby relieving her of liability under Note I. A non-jury trial was held and the court entered a final judgment in favor of NEI. Flora De Las Cuevas's motion for rehearing was denied and a separate final judgment was entered ordering her to pay the sum of $1,189,573.91, plus interest in the sum of $1,430,436.47. This appeal followed.
Flora De Las Cuevas first argues that she is relieved of liability under Note I as the Modification Agreement signed only by her husband served as a novation of Note I.[1] NEI denies any intent for the Modification Agreement to serve as *44 a novation. A novation may occur where there is a mutual agreement between the parties to discharge a valid existing obligation by the substitution of a new valid obligation. Jakobi v. Kings Creek Vill. Townhouse Ass'n, 665 So.2d 325, 327 (Fla. 3d DCA 1995) (citing Ades v. Bank of Montreal, 542 So.2d 1013 (Fla. 3d DCA 1989)). Whether a novation takes place depends upon the intent of the parties. The intent can be determined by the documents if the terms are not in dispute. If there is a dispute as to the intent of the parties, then it is a question of fact for the trier of fact. See Pinnacle Holding, Inc. v. Biologics, Inc., 643 So.2d 642 (Fla. 2d DCA 1994). Findings of fact by the trial court carry a presumption of correctness absent an abuse of discretion. Cohen v. Lansburgh, 366 So.2d 154 (Fla. 3d DCA 1979). In order to prove the intent of the parties that the Modification Agreement was meant as a substitute of Note I, Flora De Las Cuevas had the duty to prove the following at trial: 1) the existence of a previously valid contract; 2) the agreement to make a new contract; 3) the intent to extinguish the original contractual obligation; and 4) the validity of the new contract. S.N.W. Corp. v. Hauser, 461 So.2d 188, 189 (Fla. 4th DCA 1984). We find the trial court did not abuse its discretion in finding the parties did not intend for the Modification Agreement to serve as a novation. The evidence included testimony from Flora De Las Cuevas that she did not know about the Modification Agreement and was not consulted. The bank testified that the Modification Agreement was not intended as a substitution for Note I. Unlike the factually similar case of Houstoun v. Albury, 436 So.2d 224 (Fla. 3d DCA 1983), where this court found a novation, Note I was not marked "paid by renewal" or with any other marking to show the parties' intent to substitute Note I with the Modification Agreement.
Additionally, the Modification Agreement unambiguously shows by its language the intent of the parties that it was not intended as a substitute for Note I. The Modification Agreement specifically provides:
NOTE II shall be secured in a like manner as Note I, and Note I shall be secured in a like manner as Note II, and a default in either Note shall be considered a default in the other Note. (emphasis added)
* * *
All terms and conditions of Note I and Note II . . . are hereby ratified in all their parts and shall and do remain in full force and effect, except as modified herein.
Therefore, based not only on the facts presented at trial but also on the unambiguous language of the documents, the trial court did not abuse its discretion in finding the parties did not intend a novation. As such, Flora De Las Cuevas remains liable under Note I.
Flora De Las Cuevas next argues that the final judgment is a deficiency judgment and, as such, is barred by the statute of limitations. First, this is not a deficiency judgment. It is a judgment on a note. As such, it is an action at law. Even though the mortgage had been foreclosed in the action filed by the RTC, NEI still had a right to maintain an action at law on the note as long as a deficiency judgment had not been entered in the RTC litigation. Section 702.06, Florida Statutes (2005) states as follows:
Deficiency decree; common-law suit to recover deficiency.In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be *45 within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor.
§ 702.06, Fla. Stat. (2005).
This statute has been interpreted to allow a post-foreclosure action to recover the balance due on a note where the court in a foreclosure action did not adjudicate the issue of a deficiency. See Capital Bank v. Needle, 596 So.2d 1134 (Fla. 4th DCA 1992). As the foreclosure action brought by the RTC did not adjudicate the issue of a deficiency, NEI had the right to pursue this action on the note.
NEI's action on Note I is not barred by the statute of limitations. NEI was an assignee of Note I from the RTC. As such, 12 U.S.C. § 1821(d)(14)(A) determines the appropriate statute of limitations which is six years. WRH Mortgage, Inc. v. Butler, 684 So.2d 325 (Fla. 5th DCA 1996).[2]
For the above reasons, we affirm in full the final judgment entered by the trial court.
NOTES
[1] Flora De Las Cuevas argues that the trial court did not address this issue. Novation was raised as an affirmative defense. In the trial court's final judgment, it found no merit in the affirmative defenses raised showing that the trial court did consider this affirmative defense.
[2] We find no merit in the other issues raised in the appeal.