930 So.2d 734 (2006)
Stuart D. MARR, Appellant,
v.
Edward T. WEBB, et al., Appellees.
No. 3D05-2206.
District Court of Appeal of Florida, Third District.
May 3, 2006.
Rehearing Denied June 2, 2006.
*735 Hershoff, Lupino & Yagel and Russell A. Yagel and James S. Lupino, Tavernier, for appellant.
Gus H. Crowell, Tavernier; Jose M. Herrera, Miami, for appellees.
Before RAMIREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
Appellant, Stuart Marr ("Marr"), appeals from an order vacating an arbitration award and reserving jurisdiction to modify the award.
In February 1994, Marr entered into three residential construction agreements ("contracts") with Edward T. Webb, Enrique Benitez, and Seagate Mechanical, Inc. (collectively the "Contractors"). The contracts were for the construction of three single family "spec" homes on real *736 property owned by Marr and located in Key Largo, Florida. Pursuant to the contracts: (1) the Contractors were to be paid upon the sale of the subject homes; (2) Marr would allow his real property to serve as collateral for loans to be taken out by the Contractors; and (3) the profits obtained would be equally divided (50/50) between Marr and the Contractors after the sale of the homes.
Additionally, the contracts provided that any dispute arising between the parties would be resolved by arbitration. The arbitration clause in the contracts specifically stated:
All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration....
The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
The contracts also included "Addendum 4," which provided that, when the properties were sold, the monies would be divided as follows:
1. Owner will be reimbursed for land costs.
2. Contractor shall be reimbursed for construction costs incurred.
3. Balance of proceeds, after deducting sales costs, will be divided equally between owner and contractor.
In August 1996, Marr provided the Contractors with financing for the construction of the homes at an interest rate of 11.25%. The Contractors later advised Marr, by a letter dated January 5, 1997, that they were "unable to complete the three houses" and were modifying the contracts. The Contractors' letter requested that Marr loan funds and hire personnel to complete the construction on the homes. In return, the Contractors agreed to repay Marr at an 11% interest rate from the sale proceeds of the first home sold. Marr ultimately provided funding, and claims that he expended $1,033,475.67 of his own funds to complete the homes, which were eventually sold.
Thereafter, a dispute arose between Marr and the Contractors. The Contractors claimed that a net of $2,527,595.00 remained after all costs and construction loans were paid and that $1,242,595.00 remained after Marr reimbursed himself for his real property, but that Marr did not pay the Contractors their percentage of the profit. On the other hand, Marr claimed that the Contractors were not entitled to the money because no profit resulted from completing the homes, as said money was reimbursement for the costs he expended to complete the homes and pay off the construction loans.
The Contractors filed an action in the trial court, which was abated pending arbitration. An arbitration proceeding was held before a panel of three arbitrators, wherein the parties presented their evidence and claims. After three days of hearings, the arbitrators entered an award in favor of the Contractors for damages and pre-judgment interest in the amount of $80,000.00. The arbitrators further awarded $30,851.00 on a promissory note to a third party, Eric Benitez. The Contractors subsequently filed a motion to modify and/or correct the arbitrators' award. After a hearing, the trial court entered an order vacating the arbitration award and reserving jurisdiction to determine the correct amount of the award to be entered. The trial court found that the arbitrators exceeded their authority and departed from the parties' contractual agreement, and that the arbitrators failed to follow the parties' contractual formula in *737 "Addendum 4" for the payment and distribution of profits.
In reviewing the trial court's order, we review findings of fact for competent substantial evidence and questions of law de novo. LeNeve v. Via South Florida, L.L.C., 908 So.2d 530, 534 (Fla. 4th DCA 2005) (citing Boyhan v. Maguire, 693 So.2d 659, 662 (Fla. 4th DCA 1997)). However, our review of the arbitrators' decision to grant a certain award "`is very limited, with a high degree of conclusiveness attaching to an arbitration award.'" See Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1019 (Fla. 4th DCA 1999) (quoting Applewhite v. Sheen Fin. Res., Inc., 608 So.2d 80, 83 (Fla. 4th DCA 1992)). This limited review is necessary to "avoid a `judicialization' of the arbitration process," and "to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative." Charbonneau, 727 So.2d at 1019 (citing Chandra, M.D. v. Bradstreet, 727 So.2d 372 (Fla. 5th DCA 1999)).
Section 682.13(1), Florida Statutes (2005), enumerates five grounds for vacating an arbitration award, and provides, in relevant part:
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising an objection.
§ 682.13, Fla. Stat. (2005) (emphasis added). In the absence of one of the five factors set forth in the statute, neither the trial court nor this court has the authority to overturn the arbitration award. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989); LeNeve, 908 So.2d at 534. In the instant appeal, we only address subsection (c) to determine whether the arbitrators exceeded their powers in entering the arbitration award.
The Contractors contend that the arbitrators exceeded their authority by improperly accounting for costs, losses, and profits as if the parties had a joint venture relationship. The Contractors contend that the arbitrators should have followed the contractual formula in "Addendum 4" instead.
However, we find that the arbitrators did not exceed their authority, as they did not go beyond the authority granted to them by the parties or their contracts, and they did not decide issues that were not pertinent to the resolution of the issues submitted to them. See Schnurmacher, 542 So.2d at 1329 (citations omitted); Soler v. Secondary Holdings, Inc., 832 So.2d *738 893, 895 (Fla. 3d DCA 2002); Charbonneau, 727 So.2d at 1020. Rather, the parties' contracts empowered the arbitrators to resolve "[a]ll claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof." As such, the arbitrators acted within their power in determining: (1) the meaning and intent of "Addendum 4;" (2) the meaning and intent of the January 5, 1997 letter; and (3) the amount of costs incurred and chargeable to the project.
Moreover, the parties' intent is a question of fact to be determined by the trier of fact which, in the instant case, was the arbitration panel. See De Las Cuevas v. Nat'l Enters. Inc., No. 3D04-1909, 927 So.2d 41, 2006 WL 782867 (Fla. 3d DCA 2006); Montealegre v. Banco De Credito Centro-Americano, S.A., 895 So.2d 1097 (Fla. 3d DCA 2004); Wagner v. Wagner, 885 So.2d 488 (Fla. 1st DCA 2004); Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920 (Fla. 2d DCA 2000). The arbitration panel "is the sole and final judge of the evidence and the weight to be given to it," and we will not review the findings of fact contained in its arbitration award. Prudential-Bache Secs., Inc. v. Shuman, 483 So.2d 888, 889 (Fla. 3d DCA 1986); see also Charbonneau, 727 So.2d at 1019. "The fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating or modifying the award." Shuman, 483 So.2d at 889. Since we find that the determination of the award amount was within the arbitrators' authority, the award operates as a final and conclusive judgment. See Charbonneau, 727 So.2d at 1020; Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994, 995 (Fla. 3d DCA 1998).
We next address the trial court's authority to modify an arbitration award. Section 682.14, Florida Statutes (2005), enumerates three grounds for modifying an arbitration award and provides, in relevant part:
(1) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him or her and the award may be corrected without affecting the merits of the decision upon the issues submitted.
(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.
§ 682.14, Fla. Stat. (2005) (emphasis added). The Contractors argue that the arbitrators made an evident miscalculation in determining the amount of the award.
The Contractors contend that the January 5, 1997 letter was a modification to the contracts, and meant that the funds expended by Marr would be included in the calculation to arrive at an equal (50/50) split of profits by having Marr pay himself back from the funds resulting from the sale of the first house only, not from the other sales or from the contractor. They also contend that there was no agreement that the Contractors would share the losses, and, if any losses resulted from the sale of the three lots, those losses were to be borne by Marr as the owner of the properties.
Here, the arbitrators did not make an evident miscalculation, and the facts of this case do not support a modification of the arbitration award. After the *739 parties presented their evidence, the arbitrators requested that the parties each submit an accounting of "what they say their construction cost was exclusive of interest, but including everything that they felt they spent, quote, on these jobs." A review of the arbitration hearings reflects that the panel considered all of the evidence in determining its award. As we previously stated, the arbitrators were the sole judges of the evidence and the parties' intent, and we will not disturb their findings on appeal. In the absence of an evident miscalculation, the trial court "is not empowered to set aside arbitration awards for mere errors of judgment as to law or facts." Dasso v. Fernandez, 831 So.2d 714, 716 (Fla. 3d DCA 2002) (citations omitted); Expressway Cos., Inc. v. Precision Design, Inc., 882 So.2d 1016, 1018 (Fla. 3d DCA 2004).
Accordingly, we quash the trial court's order vacating the arbitration award and remand with directions to confirm the arbitration award.
Order quashed; Remanded with directions.