CORTINAS, Judge.
Marcelino Regalado (“Marcelino”), Maria Regalado (“Maria”), and CareMed Network, Inc. (“CareMed”) (collectively “Defendants”), appeal two final judgments entered in favor of Rosa de la Torre (“Torre”) and Patricia Cabezas (“Cabe-zas”) (collectively “Plaintiffs”), following the denial of a portion of the Defendants’ amended motions to vacate, change or modify an arbitration award. We affirm.
CareMed is a management service organization that maintains a health care management contract with Humana. The Plaintiffs filed a shareholders derivative action (the “Derivative Case”) against Maria and Marcelino, who are also shareholders and directors of CareMed, and Car-eMed. Specifically, the Plaintiffs claimed that Marcelino diverted corporate funds to his wife, Maria, and to others with no business purpose. The parties stipulated to resolve this dispute through arbitration. Thereafter, the Plaintiffs filed a second lawsuit (the “Distribution Case”) against the Defendants. In the Distribution Case, the Plaintiffs sought to compel the Defendants to declare and distribute profits. The parties also stipulated to resolve this dispute through arbitration.
*284 Subsequently, an arbitration proceeding was held, wherein the parties presented their evidence and claims. Several witnesses testified at the hearings, including Torre, Cabezas, Marcelino, and Mr. Nac-carato, an accountant appointed by the arbitrator to examine CareMed’s books and records. At the close of the hearings, the parties agreed to provide the arbitrator with a post-arbitration memorandum. Several months later, the arbitrator entered an award, which included some of the proposed findings by the Plaintiffs in their post-arbitration memorandum. Specifically, the arbitrator found that, despite asserting that income had decreased, Marcelino paid himself $81,088.30 and temporarily increased payments to his wife, and segregated $183,400 in an account at Bank United with no apparent business purpose. The arbitrator also found that a total of $264,488.30 had been unjustly and in bad faith diverted from the revenues produced by the Humana contract. Based on these findings, the arbitrator entered an award in favor of the Plaintiffs in both eases. In the Distribution Case, Torre and Cabezas were entitled to recover from CareMed and Marcelino, jointly and severally, the sum of $52,897.66. In the Derivative Case, the arbitrator found that Marcelino improperly diverted $382,499.03, which should have been distributed to shareholders, and that Torre and Cabezas individually should recover twenty percent of that amount.
The Defendants subsequently filed a motion to vacate, change or modify the arbitration award in the Distribution Case, alleging that the award had been procured by fraud and undue means and that the arbitrator had exceeded his powers and scope of jurisdiction. The trial court denied in part the Defendants’ motion and, thereafter, entered a final judgment in favor of the Plaintiffs.[1] The Defendants also filed a motion to vacate or modify the award in the Derivative Case, alleging that because this was a derivative action, Car-eMed, and not the individual shareholders, was entitled to relief. At the hearing, the trial judge withheld ruling and, instead, returned the matter to the arbitrator to clarify why he did not award repayment of the challenged funds to CareMed. The parties appeared before the arbitrator who stated that he did not return the funds to CareMed because it would be tantamount to returning the money to Marcelino. Thereafter, the trial judge entered a final judgment in favor of the Plaintiffs in the Derivative Case.
In reviewing an order granting or denying a motion to vacate an arbitration award, we review findings of fact for competent substantial evidence and questions of law de novo. Marr v. Webb, 930 So.2d 734, 737 (Fla. 3d DCA 2006)(citing LeNeve v. Via S. Fla., L.L.C., 908 So.2d 530, 534 (Fla. 4th DCA 2005)). However, when reviewing whether an arbitrator properly granted an award, our review is “very limited, with a high degree of conclusiveness attaching to [the] arbitration award.” Id. (citing Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1019 (Fla. 4th DCA 1999) (quoting Applewhite v. Sheen Fin. Res., Inc., 608 So.2d 80, 83 (Fla. 4th DCA 1992))). The narrow scope of our review is necessary to ensure that arbitration does not become “merely an added preliminary step to judicial resolution rather than a true alternative.” Id. (citing Charbonneau, 727 So.2d at 1019).
To vacate an arbitration award, a party must establish one of the five grounds *285 enumerated in section 682.13(1), Florida Statutes (2005). Id. Section 682.13(1) provides, in relevant part:
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud, or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his or her jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising an objection.
§ 682.13, Fla. Stat. (2005)(emphasis added). Neither a trial court nor this court can vacate an award unless the party moving to vacate proves one of the five statutory grounds. Marr, 930 So.2d at 737 (citing Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989)). Here, we address subsection (a) to determine whether the award was procured by fraud or undue means and subsection (c) to determine whether the arbitrator exceeded his powers in entering the award.[2]
The Defendants contend that in the Distribution Case the Plaintiffs procured the award by fraud and undue means by including in their post-arbitration memorandum false findings of fact and proposed awards that were not supported by the evidence. The Defendants contend that the Plaintiffs falsely proposed a finding that, in January 2004, Marcelino segregated $183,400 in a separate bank account at Bank United without an apparent business purpose and that Marcelino improperly paid himself a salary in the amount of $81,088.30. The Defendants also argue that because their motion to vacate was based on allegations of fraud, the trial court erroneously denied their motion without an evidentiary hearing pursuant to Florida Rule of Civil Procedure 1.540(b)(3). We disagree.
The language found in section 682.13(l)(a) is almost identical to the language in 9 U.S.C. § 10(a)(1) (2002).[3] Davenport v. Dimitrijevic, 857 So.2d 957, 961 (Fla. 4th DCA 2003). Thus, it is proper to look to federal law to interpret the language in section 682.13(l)(a). Id. Several federal circuits have found that a party seeking to vacate an award by alleging that the award was procured “by corruption, fraud[,] or other undue means” must (1) establish the fraud by clear and convincing evidence, (2) demonstrate that the *286 fraud was not discoverable by the exercise of due diligence before or during the arbitration hearing, and (3) demonstrate that the fraud was materially related to an issue in the arbitration. See, e.g., Int’l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc., 335 F.3d 497, 503 (6th Cir.2003); Gingiss Int’l, Inc. v. Bormet, 58 F.3d 328, 333 (7th Cir.1995); Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir.1988). A claim of fraud when seeking to vacate an award pursuant to section 682.13(l)(a) is “not an opportunity to obtain a second bite of the apple to correct a party’s deficiencies of proof at an arbitration.” Davenport, 857 So.2d at 962 (citing Shearson Hayden Stone, Inc. v. Liang, 653 F.2d 310, 313 (7th Cir.1981)(stating that 9 U.S.C. § 10(a)(1) does not authorize a court to vacate an arbitration award for new evidence)).
In this case, the Defendants’ attack on the arbitration award fails to satisfy the requirements to establish fraud under section 682.13(l)(a). The Defendants contend that the $183,400 figure arose briefly from a series of ambiguous questions during Marcelino’s cross-examination and that CareMed’s bank records show that $183,400 was never segregated in a bank account without an apparent business purpose. Clearly, these allegations are an attack on the sufficiency of proof and the weight of the evidence at the arbitration proceeding, rather than allegations constituting fraud within the meaning of section 682.13(l)(a). Contrary to the Defendants’ contention, the trial court was actually prohibited from combing through the record of the proceeding to determine whether the arbitrator committed errors of fact or law in making the decision. Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 150 (Fla. 1st DCA 2000) (citations omitted).
The Defendants’ motion did not set out a prima facie case for fraud under section 682.13(l)(a) and, therefore, an evidentiary hearing pursuant to Florida Rule of Civil Procedure 1.540(b)(3) was not required. See Davenport, 857 So.2d at 961 (finding that an affidavit filed with a motion to vacate that showed a witness may have perjured himself at the arbitration proceeding was insufficient to trigger an evi-dentiary hearing); Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994)(finding that the husband’s motion did not state facts that constituted fraud and, instead, was an attempt to rehash matters fully explored at trial). Rule 1.540(b)(3) authorizes a court to provide relief from a final judgment for the reason of fraud' and requires the trial court to conduct an evidentiary hearing on the motion. Davenport, 857 So.2d at 963 (citing Flemenbaum, 636 So.2d at 580). However, a movant is entitled to an evidentiary hearing only when the motion clearly specifies the essential facts of the fraud and explains why the fraud would entitle the movant to relief from the final judgment. Id. (citing Flemenbaum, 636 So.2d at 580). Here, the Defendants’ motion was. facially deficient because allegations that the Plaintiffs’ proposed findings and awards were not supported by either the testimony or the documents adduced at the arbitration hearings are not factors which constitute fraud. As the Flemenbaum court noted, often the term “fraud” is loosely used by a party that is displeased with the conduct of the opposing party or simply unhappy with the results. Flemenbaum, 636 So.2d at 580. Thus, we find that no evidentiary hearing was required on the rule 1.540(b)(3) motion.
The Defendants contend that, in the Derivative Case, the, arbitrator exceeded his powers and the scope of his jurisdiction under section 682.13(l)(e) by awarding a portion of the challenged funds to Torre *287 and Cabezas individually, instead of Car-eMed. Specifically, the Defendants’ claim that because this was a derivative action, the only issue arbitrated was whether certain payments should be refunded to Car-eMed.
However, we find that the arbitrator did not exceed his powers, so as to support vacating the award under section 682.13(l)(c). “An arbitrator exceeds her power when she ‘goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration.’ ” LeNeve, 908 So.2d at 534 (quoting Schnurmacher, 542 So.2d at 1329). Here, the parties arbitrated the issue of whether Marcelino had made improper payments that should be returned to CareMed. However, we held in Marr that “the fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating or modifying the award.” Marr, 930 So.2d at 738 (quoting Prudential-Bache Secs., Inc. v. Shuman, 483 So.2d 888, 889 (Fla. 3d DCA 1986)). Ordinarily, in a shareholder’s derivative action, the court provides the corporate entity relief because it is the real party interest and the shareholders are merely redressing rights of action that belong to the corporation. See Timko v. Triarsi, 898 So.2d 89, 90 (Fla. 5th DCA 2005). Nevertheless, the fact that, in this case, the arbitrator found that Marcelino made improper payments but awarded Torre and Cabezas relief, does not provide a ground for vacating the award under section 682.13. See Marr, 930 So.2d at 738. Notably, during the hearing on the Defendants’ motion to vacate the award, the trial judge even sent the issue back to the arbitrator for clarification. The arbitrator explained that he awarded the challenged funds to the individual shareholders because he found that returning the funds to CareMed would give Marcelino the opportunity to misappropriate the funds again. As we previously stated, the arbitrator is the “sole judge of the evidence ... and we will not disturb [his] findings on appeal.” Id. at 739. Thus, we find no merit in the Defendants’ claim that the arbitrator exceeded his powers by awarding the individual shareholders relief because the fact that the arbitrator awarded relief that would not ordinarily be granted by a court of law is not a basis under section 682.13 for vacating the award. Id. at 738.
Because the Defendants failed to prove any of the five statutory grounds for vacating an arbitration award under section 682.13, we affirm both final judgments entered in the Plaintiffs’ favor.
Affirmed.

. The trial judge modified the portion of the arbitration award that imposed personal liability on Marcelino and found that CareMed was the only party liable for the award in the Distribution Case.

. The Defendants’ claim that the arbitrator conducted the hearing in contravention of section 682.06(2), Florida Statutes (2005), which requires the parties to be heard, present evidence, and cross-examine witnesses, is without merit. It is evident from the record that the Defendants were afforded ample opportunity at the hearings to present their case and to cross-examine all of the witnesses who testified. After reviewing the record, we find that the hearings were held in accordance with section 682.06 and the Defendants' rights were not substantially prejudiced.

. 9 U.S.C. § 10(a)(1) states that a federal district court “may make an order” vacating an arbitration award "where the award was procured by corruption, fraud, or undue means.”