# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1306
Lower Tribunal No. 21-12260
_____

## F.R. Aleman & Associates, Inc.,
Appellant,

vs.

## EAC Consulting, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Leto Law Firm and Matthew P. Leto and Charles P. Gourlis, for appellant.

Lydecker LLP and D. Spencer Mallard and Meliz Martin and Tiran Alon, for appellee.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

Appellant F.R. Aleman & Associates, Inc. ("Aleman") challenges that portion of the trial court's July 22, 2022 order (i) confirming an arbitration panel's award of attorney's fees to appellee EAC Consulting, Inc., and (ii) denying Aleman's motion to vacate that portion of the arbitration award.[1] Specifically, Aleman asserts (as it did below) that, while the parties agreed to have the arbitration panel resolve their underlying contractual dispute, they did not authorize the arbitration panel to determine entitlement to, and amount of, attorney's fees. § 682.11(2), Fla. Stat. (2021) ("An arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration if such an award is authorized . . . by the agreement of the parties to the arbitration proceeding."); § 682.13(1)(d), Fla. Stat. (2021) ("Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if . . . [a]n arbitrator exceeded the arbitrator's powers.").

---

[1] Aleman also appeals the trial court's award of pre-judgment interest. We affirm that aspect of the challenged July 22, 2022 order without discussion. Because Aleman failed to move below to have the trial court correct an alleged miscalculation of the figures contained in the arbitration award, we decline to address this issue in the first instance. See § 682.14(1)(a), Fla. Stat. (2021) ("Upon motion made within 90 days after the movant receives notice of the award pursuant to s. 682.09 or within 90 days after the movant receives notice of a modified or corrected award pursuant to s. 682.10, the court shall modify or correct the award if . . . [t]here is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award.").

"In reviewing the trial court's order, we review findings of fact for competent substantial evidence and questions of law *de novo*." <u>Marr v. Webb</u>, 930 So. 2d 734, 737 (Fla. 3d DCA 2006). Because the record contains competent, substantial evidence supporting the trial court's determination that the parties expressly agreed to have the arbitration panel adjudicate the attorney's fees issue, we affirm the trial court's confirmation of the arbitration panel's fees award. § 682.11(2), Fla. Stat. (2021).

Affirmed.