# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1698
Lower Tribunal No. 21-3821MA
_____

**Larkin Community Hospital Palm Springs Campus, LLC,**
Appellant,

vs.

**Liliana Perez de Gracia, etc.,**
Appellee.

An Appeal from the State of Florida, Division of Administrative Hearings.

Wicker Smith O'Hara McCoy & Ford, P.A., and Michael R. D'Lugo (Orlando), for appellant.

Ratzan, Weissman & Boldt, Kimberly L. Boldt and Brooke M. Mesner (Boca Raton); Freidin Brown, P.A., Philip Freidin and Jonathan E. Freidin, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See <u>Marr v. Webb</u>, 930 So. 2d 734, 737 (Fla. 3d DCA 2006) ("[O]ur review of the arbitrators' decision to grant a certain award 'is very limited, with a high degree of conclusiveness attaching to an arbitration award.'" (quoting <u>Charbonneau v. Morse Operations, Inc.</u>, 727 So. 2d 1017, 1019 (Fla. 4th DCA 1999))); <u>Deno v. Lifemark Hosp. of Florida, Inc.</u>, 45 So. 3d 959, 960–61 (Fla. 3d DCA 2010) ("The arbitration panel's ruling is consistent with the text of the statute and the statutory scheme."); <u>Lithgow v. Hamilton</u>, 69 So. 2d 776, 778 (Fla. 1954) ("The pecuniary value of services which the husband might reasonably expect to have received from the deceased wife if she had not been killed . . . includes . . . any special service which the wife was accustomed to perform for the husband . . . and in his business without compensation, which will have to be replaced by hired services.").