DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LIMOR ARIKA,**
Appellant,

v.

**MILL CITY MORTGAGE LOAN TRUST 2017-1,
WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A CHRISTIANA TRUST AS TRUSTEE,**
Appellees.

No. 4D2024-0226

[January 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE21-001028.

Limor Arika, Dania Beach, pro se.

No appearance for appellee.

PER CURIAM.

Appellant challenges the trial court's denial of her motion to vacate a final judgment of foreclosure. The court denied the motion as legally insufficient. In the motion, appellant raised claims that the plaintiff had failed to prove standing, because the plaintiff had sought to establish its right to foreclose based upon a lost note, but the note assignments and mortgages had gaps in the chain. Although appellant raised these claims in the original proceedings leading to the final judgment, the court had rejected them, and appellant failed to appeal the final judgment. Appellant may not relitigate the same issues raised before final judgment in a motion for relief from final judgment. *See Flemenbaum v. Flemenbaum*, 636 So. 2d 579, 580 (Fla. 4th DCA 1994). With respect to appellant's contention that she discovered that the original lender still had the note, this alone is insufficient to raise a legally sufficient claim. The fact that the note was subsequently discovered did not preclude plaintiff's right to foreclose due to a lost note, because through the chain of endorsements, plaintiff proved that it was entitled to enforce the note and mortgage. *See* § 673.3011, Fla. Stat. (2021).

*Affirmed.*

WARNER, GROSS and MAY, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**