RAMIREZ, J.
Margarita Toca appeals the denial of her petition to enforce arbitration. We affirm.
On or about April 4, 2003, Toca initiated pre-suit procedure of her medical malpractice claim against appellee, Sonia Olivares, D.D.S., pursuant to section 766.106, Florida Statutes (2002). On June 24, 2003, Dr. Olivares sent a written rejection of the claim by facsimile. That same day, Toca forwarded an offer to submit her claims to voluntary binding arbitration pursuant to the explicit terms and conditions of section 766.207, Florida Statutes (2003). Dr. 01iT vares’ counsel responded to this offer by letter dated July 1, 2003, stating that “we are presently discussing your offer,” and requesting the details of the arbitration. Toca responded by forwarding the relevant statutory provisions concerning voluntary arbitration pursuant to section 766.207. Toca’s attorney stated in that letter, “[s]o we are clear, this arbitration procedure involves damages only.” On July 24, 2003, Dr. Olivares sent an acceptance of the offer to arbitrate.
Section 766.207, Florida Statutes (2003), provides as follows:
(2) Upon the completion of presuit investigation with preliminary reasonable grounds for a medical negligence claim intact, the parties may elect to have damages determined by an arbitration panel. Such election may be initiated by either party by serving ■ a request for voluntary binding arbitration of damages within 90 days after service of the claimant’s notice of intent to initiate litigation upon the defendant. The eviden-tiary standards for voluntary binding arbitration of medical negligence claims shall be as provided in ss. 120.569(2)(g) and 120.57(l)(c).
(3) Upon receipt of a party’s request for such arbitration, the opposing party may accept the offer of voluntary binding arbitration within 30 days. However, in no event shall the defendant be required to respond to the request for arbitration sooner than 90 days after service of the notice of intent to initiate litigation under s. 766.106. Such acceptance within the time period provided by this subsection shall be a binding commitment to comply with the decision of the arbitration panel. The liability of any insurer shall be subject to any applicable insurance policy limits.
It is clear that the statutory scheme of section 766.207(2) envisions a case where liability is not contested and the parties wish to arbitrate the damages. It is equally clear that, by denying the claim, Dr. Olivares was not admitting liability. Toca has cited to us no authority to support the argument that, by agreeing to arbitrate under section 766.207, Dr. Oli-vares was admitting liability, particularly in this context where she had clearly and unequivocally denied liability. Specifically, the trial court properly held that no valid written agreement to arbitrate existed between the parties, due to an ambiguity in Toca’s offer to arbitrate. Toca’s offer to arbitrate under section 766.207 was ambiguous because it was preceded by Dr. Oli-vares’ written rejection that terminated the presuit period, making the section inapplicable. A party may not be forced to submit a dispute to arbitration that the party did not intend and agree to arbi *467 trate. To determine what the parties agreed to arbitrate, we must look to the intent of the parties. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). Consequently, the trial court was correct in its determination that Dr. Olivares never intended to admit liability under the facts of this case.
Affirmed.