COPE, J.
 

 This is an appeal of an arbitration award in a medical negligence case. The question is how to interpret section 766.207, Florida Statutes (2008), which provides for voluntary binding arbitration of medical negligence claims. We conclude that the
 
 *960
 
 arbitration panel correctly interpreted the statute.
 

 Spencer Deno and Elizabeth D. Deno, as Co-Personal Representatives of the Estate of William S. Deno (“the Estate”), filed a notice of intent which alleged medical malpractice by Lifemark Hospital of Florida, Inc. (doing business as Palmetto General Hospital), Doctor Abdul-Rahman Jaraki, and Jaraki Medical Care, P.A. The claim was negligence in the performance of a heart procedure on William S. Deno, following which he died.
 

 Lifemark made an offer to arbitrate under section 766.207. Dr. Jaraki and Jaraki Medical Care, P.A., made a separate offer to arbitrate. The Estate accepted the offers and the two arbitration proceedings were consolidated.
 

 In a proceeding under section 766.207, the liability of the defendants is admitted. The only issue is damages. Those are set by a panel of three arbitrators, one selected by the claimant, one selected by the defendant, and an administrative law judge designated by the Division of Administrative Hearings who serves as the chief arbitrator.
 
 Id.
 
 § 766.207(4). Defendants who submit to arbitration under section 766.207 are jointly and severally liable for all damages assessed.
 
 Id.
 
 § 766.207(7)(h).
 

 The issue before us is how to calculate the statutory limitation on non-economic damages. The statute provides that “[n]on-economic damages shall be limited to a maximum of $250,000 per incident....”
 
 Id.
 
 § 766.207(7)(b). This has been interpreted to mean $250,000 per claimant per incident.
 
 St. Mary’s Hosp., Inc. v. Phillipe,
 
 769 So.2d 961, 972 (Fla.2000). The arbitration panel awarded $250,000 in non-economic damages to three claimants, Elizabeth D. Deno, Demi Deno, and William Deno, for a total award of non-economic damages of $750,000.
 

 The Estate argued that the award is too low. The Estate contended that the statute allows a $250,000 non-economic damage award per claimant per defendant. In this case there were two defendants: Life-mark and Dr. Jaraki.
 
 [1]
 
 According to the Estate, there should be a $750,000 non-economic damage award against Lifemark and a separate $750,000 non-economic damage award against Dr. Jaraki, for a total of $1.5 million. The arbitration panel rejected the Estate’s “per defendant” argument.
 

 Under the voluntary binding arbitration statute, once the arbitration panel makes its damage award, the award may be appealed to the District Court of Appeal. § 766.212(1), Fla. Stat. (2008). The Estate has appealed.
 

 We agree with the arbitration panel. Under the statute, the arbitration panel awards both economic damages and non-economic damages.
 
 Id.
 
 § 766.207(7)(a), (b). Non-economic damages are capped at $250,000 per incident and, as already stated, this has been interpreted to mean $250,000 per claimant per incident. The text of the statute says nothing of a “per defendant” calculation.
 

 Under
 
 St. Mary’s,
 
 the idea is that each claimant may recover up to $250,000 of non-economic damages per malpractice incident. Under the Estate’s position; the amount of non-economic damages would fluctuate, depending on the number of defendants in the case. That is inconsistent with the idea of a uniform cap. The arbitration panel’s ruling is consistent with the
 
 *961
 
 text of the statute and the statutory scheme.
 

 The Estate argues alternatively that the arbitration panel’s ruling renders the statute unconstitutional. We fail to see any constitutional infirmity.
 
 See Univ. of Miami v. Echarte,
 
 618 So.2d 189 (Fla.1993).
 

 Affirmed.
 

 [1]
 

 . For purposes of the litigation, Dr. Jaraki and Jaraki Medical Care, P.A., were viewed as a single defendant.