# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-498
Lower Tribunal No. 15-12168
_____

**Meridian Pain & Diagnostics, Inc., etc., et al.,**
Petitioners,

vs.

**Eva Greber and Alex Greber,**
Respondents.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Velasquez Dolan Arias, P.A., and Alejandro Larrazabal and Carlos A. Velasquez (Plantation), for petitioners.

The Haggard Law Firm, P.A., and James C. Blecke, for respondents.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

SCALES, J.

Petitioners, defendants below, Meridian Pain & Diagnostics, Inc. and

Ronald DeMeo, M.D., seek certiorari review of the circuit court's order denying

Petitioners' motion to dismiss the complaint of Respondents Eva and Alex Greber, the plaintiffs below, to compel Petitioners to participate in medical negligence arbitration proceedings. We deny the petition because the record establishes that the parties agreed to arbitrate Respondents' medical negligence claims, waiving the presuit notice and investigation normally associated with such claims.

## I. Facts

The facts are not in dispute. Eva Greber was a patient at Meridian where Dr. DeMeo, an anesthesiologist, twice injected Eva Greber with Botox and what Eva Greber thought was Juvederm. As a condition of the performance of these cosmetic procedures, Eva Greber was required to execute, and did execute, a consent and release form. The relevant provision of this form reads, in its entirety, as follows:

> Release and Arbitration: In the event that I have an adverse event or reaction, I hereby release Ronald DeMeo, MD and all corporations of which he is a shareholder of, and all personnel and employees from any liability and agree to have any and all claims settled through mediation or through arbitration in Miami-Dade County Florida.

About six weeks after her procedure, Eva Greber returned to Meridian with a complaint of bumps on the skin folds between the sides of her nose and the corners of her mouth. Dr. DeMeo treated her with antibiotics. A subsequent visit to a dermatologist revealed that the substance injected into Eva Greber's nasal folds was not Juvederm, but a silicone filler to which she had a severe reaction. Her

2

infection persisted in the following months, her face afflicted with blemishes, blotches and oozing.

Through counsel, Eva Greber contacted Petitioners, asserted her claims, and advised of her desire to participate in mediation as contemplated by the consent and release form. Petitioners, also through counsel, responded with a September 5, 2014 letter agreeing to mediate the dispute. Petitioners' counsel's letter contained the following qualification: "However, this agreement to mediation is contingent upon Ms. Greber's acceptance to arbitration should we be unsuccessful in resolving the matter at mediation."

The parties' attorneys then took great pains to clarify expressly that the arbitration contemplated to occur in the event of an unsuccessful mediation would be an arbitration conducted pursuant to section 766.207 of the Florida Statutes. Petitioners' counsel's October 17, 2014 letter, for instance, provides: "[O]ur September 5, 2014 Letter was referring to arbitration pursuant to Section 766.207, *Florida Statutes*."

Section 766.207 provides a mechanism for parties to submit their medical negligence claims to binding arbitration. § 766.207, Fla. Stat. (2013). An arbitration conducted pursuant to section 766.207 "envisions a case where liability is not contested and the parties wish to arbitrate the damages." Toca v. Olivares, 882 So. 2d 465, 466 (Fla. 3d DCA 2004). Section 766.207(7) places significant

3

limitations on the damages that an arbitration panel may award. § 766.207(7)(a)-(d) (2013).[1]

After the parties unsuccessfully mediated the dispute in February of 2015, Respondents[2] invoked section 766.207 of the Florida Statutes and sent Petitioners' counsel a proposed joint Request for Arbitration for execution and submission to the Florida Department of Administrative Hearings.[3] Neither Meridian nor Dr. DeMeo replied to Respondents' arbitration request, and in June of 2015, Respondents filed the instant complaint in the circuit court seeking to compel arbitration.

In December of 2015, Petitioners filed a motion to dismiss Respondents' lawsuit with prejudice, alleging that section 766.207 expressly requires presuit investigation and notice as a condition precedent to invoking the statute's voluntary arbitration process.[4] Petitioners argued that, because the two-year statute

---

[1] For example, noneconomic damages are capped at $250,000, punitive damages are not recoverable, and attorney's fees are capped at fifteen percent of any award. § 766.207(7)(b),(d) and (f), Fla. Stat. (2013).

[2] Mr. Greber asserts a loss of consortium claim related to the injury allegedly sustained by his wife.

[3] Section 766.207(4) governs the composition of the arbitration panel and provides for an administrative law judge, furnished by DOAH, to serve as the chief arbitrator.

[4] Section 766.203 describes the parties' respective responsibilities of presuit notice and investigation. The statute requires both claimants and defendants of medical negligence claims to investigate the respective claims and defenses and have those

of limitations for medical negligence claims had expired in September of 2015 (i.e., two years after Eva Greber's dermatologist had diagnosed the cause of her complications), Respondents' timely compliance with the statute's presuit notice requirement was impossible, requiring the trial court to dismiss Respondents' complaint with prejudice.

After conducting a hearing, the trial court entered an order denying Petitioners' motion to dismiss. Petitioners filed the instant petition seeking certiorari relief, urging us to quash the trial court's order and to remand with instructions that the trial court dismiss Respondents' complaint.

## II. Analysis[5]

The record is clear that the parties contractually agreed to have any medical negligence claims arbitrated rather than litigated. The record also is clear that the parties agreed that the arbitration would be conducted pursuant to section 766.207 of the Florida Statutes. What the parties hotly dispute is whether they agreed to waive presuit notice and investigation procedures that are normally a condition

---

claims and defenses corroborated with written opinions from medical experts. § 766.203, Fla. Stat. (2013).

[5] Generally, this Court lacks certiorari jurisdiction to review a trial court order that denies a motion to dismiss. Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987). Certiorari jurisdiction may lie, however, when chapter 766 presuit requirements are at issue. Fassy v. Crowley, 884 So. 2d 359, 363 (Fla. 2d DCA 2004).

precedent to a medical negligence claim arbitration conducted pursuant to section 766.207.

The parties make the same arguments here that they made below. Petitioners argue that the plain language of section 766.207 expressly contemplates that presuit notice and investigation are required by section 766.207. Section 766.207(2) provides: "*Upon the completion of presuit investigation* with preliminary reasonable grounds for a medical negligence claim intact, the parties may elect to have damages determined by an arbitration panel." (emphasis added) Petitioners further assert that nothing in section 766.207 provides an explicit exception to the presuit notice and investigation requirement.

Respondents assert that the parties' September-October 2014 correspondence discussing the arbitration clearly implied that presuit notice and investigation would be unnecessary, and that any such condition precedent to a section 766.207 arbitration was waived. Respondents argue that had Petitioners not waived the presuit requirement, the requirement could have been timely met because the statute of limitations had not expired during the September-October 2014 timeframe when the arbitration correspondence transpired. Respondents suggest that Petitioners' raising the presuit issue only after the statute of limitations had expired is a "gotcha" tactic that should not be sanctioned by this Court. See Salcedo v. Asociacion Cubana, Inc., 368 So. 2d 1337, 1339 (Fla. 3d DCA 1979).

Respondents further assert that, because a defendant's liability is admitted in an arbitration proceeding under section 766.207,[6] Petitioners' unqualified, express agreement that any arbitration be conducted pursuant to 766.207 obviated any presuit notice and investigation.

We agree with the Respondents' assertion that, under the distinctive facts of this case, Petitioners' express insistence on arbitrating Respondents' claims pursuant to section 766.207 – after Petitioners were made aware of those claims – necessarily waived and obviated the otherwise applicable presuit notice and investigation requirements. While the language of section 766.207(2) references "completion of presuit investigation[,]" the provision goes on to state that the purpose of a presuit investigation is to ensure that "preliminary reasonable grounds for a medical negligence claim [are] intact." § 766.207(2), Fla. Stat. (2013).

In a typical medical negligence claim, information developed in a presuit investigation allows the defendant to decide whether to admit liability and to submit to the binding voluntary arbitration procedure prescribed by statute. This procedure authorizes an arbitration panel to determine the extent of the claimant's damages, subject to the statute's significant damages limitations. In this case, the parties' correspondence fulfilled the purpose of the presuit investigation. The

---

[6] Deno v. Lifemark Hosp. of Fla., Inc., 45 So. 3d 959, 960 (Fla. 3d DCA 2010) ("In a proceeding under section 766.207, the liability of the defendants is admitted. The only issue is damages. Those are set by a panel of three arbitrators . . . .").

parties plainly, unequivocally and expressly agreed that, if mediation proved unsuccessful, then arbitration would ensue pursuant to section 766.207. In making the determination on this record that Petitioners waived presuit notice and investigation, the trial court did not depart from the essential requirements of law.

Petition denied.